# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ALWIN MANUFACTURING COMPANY, INC.,

        Plaintiff,

        v.                                            Case No. 08-C-451

GLOBAL PLASTICS, BARBIZON VENTURES, INC.
ROCKLAND VENTURES, INC., 498386 B.C. LTD,
WAUSAU PAPER CORP., and WAUSAU PAPER
TOWEL & TISSUE, LLC.,

        Defendants.

---

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

---

This matter is before me on a stipulation for entry of a protective order. The parties have stipulated and agreed between and among themselves that pretrial discovery will necessarily involve the disclosure of trade secrets or confidential research, development or commercial information of both parties and non-parties from whom discovery may be sought. Based upon the stipulation of the parties, and the nature of the information to which the proposed order applies, the court can make a finding that there is good cause for entry of a protective order. However, the order proposed by the parties is too broad.

The proposed order imposes restrictions on disclosure of the confidential attorney's eyes only information not only upon the parties, but also on the court. One provision of the proposed order reads "Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order."

(Stipulated Order at 8). This provision, read literally, seems to require not only that documents and pleadings filed under seal by the parties be maintained as confidential by the court, but that even the court's decisions in the case, to the extent they reveal confidential information, must be under seal. In this respect, I find the proposed order over broad and inconsistent with the long-standing tradition in this country that litigation is open to the public. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000).

To the extent that the stipulation governs the treatment by the parties and their agents of information they deem confidential, I have no difficulty approving the agreement and entering an order reflecting it. Such agreements serve the important purpose of expediting discovery without requiring the court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny. Since most discovery is not made a part of the record, an agreement by the parties to maintain confidentiality over discovery materials is sufficient to meet their needs. However, a determination that documents filed with the court, or any hearing or transcript of a hearing or decision by this court, be sealed must be addressed on a case-by-case basis. *Leavell* provides substantial guidance as to the standards that govern the determination. A blanket order prohibiting the court from revealing information the parties have designated confidential, even if necessary to support its rulings, is inconsistent with the strong presumption of openness that attends judicial proceedings in this country. It is for this reason the parties' request for a protective order is denied.

The parties are referred to the standard protective order in the district's local rules, Civil L.R. 26.4 as a model for a protective order this court would sign. Additional safeguards, including "attorneys' eyes only" designations, are also permitted as long as it is made explicit that the court

is not bound by the designation of material as confidential by the parties and, to the extent necessary to reveal the court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. It should also be made explicit that, in addition to either party, any interested member of the public can also challenge the secreting of particular documents made a part of the record. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). Of course, confidentiality will be maintained concerning any genuine trade secret, but information does not become a trade secret just because the parties have so designated it. *Union Oil*, 220 F.3d at 568.

The parties are free to resubmit a proposed order that meets these guidelines.

**SO ORDERED** this ___23rd___ day of September, 2008.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

3